Gratiot et al., Demandantes y Apelados, v. Hagen, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre *injunction.*

No. 2412.—Resuelto en abril 29, 1921.

Injunction Preliminar—Notificación de la Petición de Injunction al Demandado.—La corte de distrito puede en casos urgentes previa fianza y siempre con gran cautela, conceder un auto de *injunction* preliminar sin audiencia del demandado y sin que haya sido emplazado para contestar la demanda, pero cuando la corte no concede el auto *ex parte* y prefiere oir las razones que tiene el demandado para que el auto no se dicte, es necesario servir a éste copia de la petición, no siendo bastante que se le notifique la orden para mostrar causa.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. Savage & Crosas.

Abogados de los apelados: Sres. J. Texidor y G. de la Haba.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Emilio Gratiot y Bertha Parisot de Gratiot presentaron demanda en la Corte de Distrito de San Juan, Sección Se-

gunda, en la que sustancialmente alegaron ser dueños en el barrio de Puerta de Tierra de esta ciudad de una casa en cuya pared oeste hicieron abrir dos ventanas altas y una puerta-ventana pero que el demandado Paul L. Hagen las ha inutilizado poniendo tablas unidas y planchas de zinc, también unidas, en la parte oeste de dicha casa que privan a los demandantes del uso y disfrute de su propiedad. En vista de esos hechos, y de otros que no son del caso ahora, pidieron a la corte que dictase un auto de *injunction* contra el demandado ordenándole que se abstenga de impedir por esos medios el uso y disfrute de dichas ventanas y puerta-ventana y la remoción inmediata de las tablas, planchas y postes que ha colocado y que pague las costas; pidiendo también que mientras se tramita y resuelve el caso la corte dicte auto de *injunction* preliminar contra el demandado ''ordenándole se abstenga de colocar planchas, tablas, anuncios o cualesquiera otra forma sobre las paredes de la casa propiedad de los demandantes, ni en forma que les obstaculice el uso y disfrute de las ventanas y puerta-ventana que en dicha pared tiene o pueden abrir, y ordenándose asimismo la inmediata remoción de las tablas, planchas y postes que tiene hoy puestos contra tal pared cubriendo las ventanas y puerta-ventana de la casa de los demandantes, bajo la fianza que la corte fije a los demandantes para dictar tal *injunction* preliminar.''

La demanda está jurada el 20 de octubre de 1920 y el 26 del mismo mes la corte dictó la siguiente orden:

''Vista la petición de los demandantes solicitando un *injunction* contra el demandado, y entre tanto se expida un *injunction* preliminar, la corte señala el día 3 de noviembre de 1920, a las nueve de la mañana para que el demandado comparezca a exponer las razones que tenga para que no se expida un auto de *injunction* preliminar en este caso; y entre tanto la corte ordena al demandado se abstenga de colocar planchas, tablas, anuncios o cualesquiera otra forma sobre las paredes de la casa propia de los demandantes, ni en forma que les obstaculice el uso y disfrute de las ventanas y puerta-ventana que en dicha pared tienen o pueden abrir.''

El día 3 de noviembre compareció el demandado ante la corte por moción escrita alegando que lo hacía sólo y específicamente para los efectos de ella y sin someterse a la jurisdicción de la corte en esta acción, que según declaración jurada que presentaba ha sido notificado solamente con copia de la orden para mostrar causa sin que se le haya entregado copia del emplazamiento, de la demanda ni de la petición a que se refiere la orden, por lo que pidió se dejara sin efecto la orden para mostrar causa librada el 26 de octubre, quedando libre de las prohibiciones que contiene. Discutida esa moción la corte la declaró sin lugar el mismo día tres de noviembre y señaló nuevamente para dos días después la vista para mostrar causa. No compareció a ella el demandado el día cinco de noviembre y por esta razón los demandantes pidieron que se dictase el *injunction* preliminar y la corte, el mismo día, en vista de la incomparecencia del demandado a mostrar causa en virtud de la cual no deba expedirse el auto de *injunction* preliminar solicitado y por aparecer de la faz de la demanda que existen causas bastantes para acceder a lo solicitado por los demandantes, declaró con lugar la petición en cuanto al *injunction* preliminar y dispuso se expidiera una orden de *injunction* preliminar contra el demandado ordenándole remover la obstrucción que ha colocado frente a las ventanas de los demandantes; que se abstenga de colocar de nuevo dichas obstrucciones e impedir el acceso de luz y ventilación a la casa de los demandantes, entre tanto se resuelve el pleito de *injunction* perpetuo en sus méritos, para lo cual fijó una fianza a favor del demandado por la cantidad de quinientos dólares.

Prestada dicha fianza el mismo día se notificó dicha orden al demandado el ocho de noviembre entregándole copia de ella, de la fianza, de la demanda y del emplazamiento.

El día 9 de noviembre solicitó el demandado de la corte que anulara la orden de *injunction* preliminar que libró contra él alegando no sólo que no había sido citado y emplazado

cuando se celebró la vista para mostrar causa para que no se expidiera el *injunction* preliminar sino también que dicha orden de comparecencia no tenía valor o fuerza porque no había sido previamente notificado con copia de la demanda y del emplazamiento. El día veinte de diciembre la corte dictó resolución negando la anulación solicitada y de ella apeló el demandado dentro del término legal de acuerdo con el artículo 295 No. 3 del Código de Enjuiciamiento Civil que autoriza la apelación contra una orden negándose a anular un *injunction*.

La contención principal del apelante en este recurso es que la corte inferior no pudo librar la orden para que compareciera a mostrar causas por las cuales no debía expedirse el auto de *injunction* preliminar pedido por el demandante ni tampoco pudo conceder dicho auto sin que antes se le hubiera emplazado de la demanda de *injunction* perpetuo con entrega de copia de ésta y del emplazamiento y que por igual razón debió ser anulado el auto preliminar que concedió cuando solicitó su nulidad.

No hay duda alguna, ni es negado por el apelante, que las cortes de distrito están autorizadas por nuestras leyes para librar auto de *injunction* preliminar mientras se decide el pleito o la petición de *injunction* perpetuo. Secciones 2 y 3 de la Ley de *Injunction* de 1906 y casos de *Díaz* v. *Vázquez,* 19 D. P. R. 1156, y *Municipio de Gurabo* v. *The Juncos Central Company,* 18 D. P. R. 408. Tales autos, según la sección 5 de la ley pueden otorgarse en cualquier tiempo antes de haberse dictado sentencia, mediante petición o declaración juradas, siempre que aquélla o ésta, en su respectivo caso, demostraren satisfactoriamente que existen motivos suficientes para concederlo, debiendo presentarse al requerido junto con el auto, si no se hubiera hecho antes, una copia de la petición o de la declaración juradas en cuya virtud se hubiere concedido el *injunction;* facultad que está limitada por la sección 6 al disponer que no podrá concederse un *injunc-*

*tian* después de haber el demandado contestado una demanda
sin que medie una notificación, o una orden requiriendo al
demandado para que exponga sus razones en contra de la
concesión, en cuyo caso podrá entredicharse al demandado
hasta recaer la decisión concediendo o negando el *injunction;*
y según la sección 8 es discrecional en la corte el conceder
el auto preliminar sin audiencia del demandado pues dispone
que si la corte o el juez estimare procedente, antes de con-
ceder el *injunction,* oir a la persona contra quien se pidiere,
podrá dictar una orden requiriéndola para que exponga sus
razones en contra de dicha concesión, pudiendo mientras tanto
ponerla en entredicho; disponiendo la sección 9 que no po-
drá concederse un *injunction* para suspender los negocios ge-
nerales u ordinarios a una corporación sin que medie debida
notificación de la solicitud presentada con tal objeto, excepto
en los casos en que El Pueblo de Puerto Rico fuere parte
en el procedimiento; y la sección 10 que si se concediere un
*injunction* sin haber mediado notificación a la persona reque-
rida, podrá ésta, previo oportuno aviso a la otra parte, pedir
que se revoque o modifique.

Las anteriores citas legales demuestran que la corte puede
conceder un auto de *injunction* preliminar sin audiencia del
demandado y sin que haya sido emplazado para contestar la
demanda, ya que como medida urgente puede decretarse *ex
parte* al presentarse la demanda o la petición de *injunction*
perpetuo para las cuales es un remedio auxiliar; facultad
que también tienen los tribunales en los Estados Unidos de
América de donde procede nuestra ley sobre la materia.
High *on Injunction,* segunda edición, tomo 1, página 43 y
tomo 2, página 866; 14 R. C. L. 325; 22 Cyc. 918, 957 y sus
citas en la nota 2. Desde luego, tales autos deben concederse
en casos urgentes, con gran cautela y con la fianza a que se
refiere la sección 7.

En el presente caso la corte inferior no concedió el *injunc-
tion* preliminar *ex parte* sino que prefirió oir al demandado

y al efecto ordenó que compareciera a exponer las razones que tenía para que no se concediera el *injunction* preliminar solicitado por el demandante. De esta orden fué notificado el demandado pero no se le entregó copia de la petición de *injunction*.

Para librar esa orden y para resolver si debía concederse el *injunction* preliminar no era necesario que el demandado fuera previamente emplazado para contestar la demanda principal bastando con la notificación de la orden para mostrar causa para llevar ante la corte al demandado para los efectos de la petición de *injunction* preliminar, pero puesto que la corte quería oir al demandado sobre las razones que tuviera para oponerse a tal petición era indispensable que se le entregara copia de la petición pues desconociéndola le era imposible exponer razones contra ella, en cuya situación no debió la corte inferior conceder el *injunction* preliminar solicitado por el demandante ya que desde el momento que optó por oirlo no ha debido resolver sin que estuviera en condiciones de defenderse de la petición.

También alega el apelante que generalmente no se concede el *injunction* preliminar cuando es de carácter mandatorio como en el pedido en este caso sino en casos de gravísima urgencia. Esto es cierto, pero según las circunstancias del caso pueden concederse aun *ex parte* cuando son de gravísima urgencia, sin requerir al demandado para que exponga razones contra la concesión. 2 Spelling *on Injunctions* 871; 22 Cyc. 743; 14 R. C. L. 318.

La resolución apelada debe ser revocada y anularse la orden que concedió el *injunction* preliminar en este caso.

> *Revocada la resolución apelada y anulada la*
> *orden de* injunction *preliminar.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Hutchison.

El Juez Presidente Sr. Hernández disintió.